■ SHERMAN ORIGINATOR, LLC, Appellant, v HSBC TAXPAYER FINANCIAL SERVICES INC. et al., Respondents. [49 NYS3d 892]—

Orders, Supreme Court, New York County (Jeffrey Oing, J.), both entered on or about May 2, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim for breach of a purchase agreement, and denied plaintiff's motion for summary judgment as to defendants' liability on that claim, unanimously affirmed, with costs.

In this case involving a contract dispute between the originator (HSBC) of a certain portfolio of "refund anticipation loans" and the subsequent purchaser (Sherman) of a partial interest in that portfolio, based on the relevant contractual language, as informed by the clarifying extrinsic evidence (*see e.g. Federal Ins. Co. v Americas Ins. Co.*, 258 AD2d 39, 43 [1st Dept 1999]), we affirm the lower court's conclusion that HSBC's unilateral decision not to enforce "cross-collection agreements" was not a

termination that could reasonably be expected to adversely affect the collection of the overdue, in default, and charged-off refund anticipation loans that Sherman had purchased from defendants in a disproportionate manner as compared to collections on account of other refund anticipation loans originated by HSBC so as to require Sherman's prior consent. This construction of the contract does not implicate the "longstanding principle of New York law that a construction of a contract that would give one party an unfair and unreasonable advantage over the other, or that would place one party at the mercy of the other, should, if at all possible, be avoided" (*ERC 16W Ltd. Partnership v Xanadu Mezz Holdings LLC*, 95 AD3d 498, 503 [1st Dept 2012]). Concur—Sweeny, J.P., Andrias, Moskowitz, Kahn and Gesmer, JJ.